TAM:JHK:js
F.#2011V02445

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| HUMBERTO CASTRO and DONNA CASTRO, | ANSWER and CROSSCLAIMS |
| | Civil Action No. |
| Plaintiffs, | 11 CV 5071 |
| - against - | (Wexler, J.) |
| | (Boyle, M.J.) |
| UNITED STATES POSTAL SERVICE, STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE, INC., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant UNITED STATES OF AMERICA, named herein as UNITED STATES POSTAL SERVICE, by its attorney LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, JAMES H. KNAPP, Assistant United States Attorney, of counsel, hereby answers the correspondingly numbered paragraphs of plaintiffs' complaint upon information and belief, as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

**ANSWERING A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF HUMBERTO CASTRO AGAINST DEFENDANT USPS**

2. Defendant denies the allegations set forth in paragraph "2" of the complaint, and avers that the United States Postal Service was formed under the Postal Reorganization Act as an

independent establishment of the executive branch of the United States government.

      3.      Denies the allegations contained in paragraph "3" of the complaint, except admits that an administrative claim was presented to the United States Postal Service on behalf of Plaintiff on March 14, 2011 in connection with the events alleged in the complaint.

      4.      Denies the allegations contained in paragraph "4" of the complaint, except admits that the United States Postal Service denied Plaintiff's administrative claim on July 20, 2011.

      5.      The allegations set forth in paragraph "5" of the complaint consist of Plaintiff's statement of jurisdiction, to which no response is required. To the extent that paragraph "5" of the complaint sets forth an allegation of material fact, the United States Postal Service denies such allegation.

      6.      The allegation set forth in paragraph "6" of the complaint constitute a legal conclusion to which no response is required. To the extent that paragraph "6" of the complaint sets forth an allegation of material fact, the United States Postal Service denies such allegation; except admits that the United States Postal Service was charged with only those duties, if any, imposed by applicable law and under the terms of a leasehold contract to maintain the premises, or a portion of the premises, located at 288 Grumman Road, West Bethpage, New York, on the date of the events alleged in the complaint.

      7.      Denies the allegation set forth in paragraph "7" of the complaint.

      8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the United States Postal Service was a tenant and had a leasehold interest in the premises, or a portion of the premises, located at 288 Grumman Road, West Bethpage, New York, on the date of the events alleged in the complaint.

9. Denies the allegation set forth in paragraph "9" of the complaint, except admits that agents, servants and/or employees of the United States Postal Service operated a postal facility at the premises, or a portion of the premises, located at 288 Grumman Road, West Bethpage, New York, on the date of the events alleged in the complaint.

10. Denies the allegation set forth in paragraph "10" of the complaint, except admits that agents, servants and/or employees of the Untied States Postal Service maintained a postal facility on the premises, or a portion of the premises, in whole or in part, located at 288 Grumman Road, West Bethpage, New York on the date of the events alleged in the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that agents, servants and/or employees of the United States Postal Service managed a postal facility on the premises, or a portion of the premises, in whole or in part, located at 288 Grumman Road, West Bethpage, New York on the date of the events alleged in the complaint.

12. Denies the allegation set forth in paragraph "12" of the complaint, except admits that agents, servants and/or employees of the United States Postal Service controlled a postal facility on the premises, or a portion of the premises, in whole or in part, located at 288 Grumman Road, West Bethpage, New York, on the date of the events alleged in the complaint.

13. Denies the allegation set forth in paragraph "13" of the complaint, except admits that agents, servants and/or employees of the United States Postal Service repaired a postal facility on the premises, or a portion of the premises, in whole or in part, located at 288

-4-

Grumman Road, West Bethpage, on the date of the events alleged in the complaint.

14. Denies the allegation set forth in paragraph "14" of the complaint, except admits that the United States Postal Service was charged with only those duties, if any, imposed by applicable law and under the terms of a leasehold contract to maintain the premises, or a portion of the premises located at 288 Grumman Road, West Bethpage, New York on the date of the events alleged in the complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint regarding plaintiff's status as a lawful pedestrian at the location in question, but denies the remaining allegations set forth therein.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint

18. Denies the allegations set forth in paragraph "18" of the complaint.

**ANSWERING A SECOND CAUSE OF ACTION ON BEHALF
OF PLAINTIFF HUMBERTO CASTRO AGAINST DEFENDANT
STEEL LOS III d/b/a STEEL EQUITIES**

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Admits the allegations set forth in paragraph "21" of the complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth

-5-

of the allegations set forth in paragraph "22" of the complaint.

  23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "23" of the complaint.

  24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "24" of the complaint.

  25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "25" of the complaint.

  26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "26" of the complaint.

  27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "27" of the complaint.

  28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

  29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "29" of the complaint regarding plaintiff's status as a lawful pedestrian at the location in question, but denies the remaining allegations set forth therein.

  30. Denies the allegations set forth in paragraph "30" of the complaint.

  31. Denies the allegations set forth in paragraph "31" of the complaint.

  32. Denies the allegations set forth in paragraph "32" of the complaint.

-6-

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF HUMBERTO CASTRO AGAINST DEFENDANT BASIN HAULAGE INC.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "33" of the complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint regarding plaintiff's status as a lawful pedestrian at the location in question, but denies the remaining allegations set forth therein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

**ANSWERING A FOURTH CAUSE OF ACTION ON BEHALF
OF PLAINTIFF DONNA CASTRO**

48. Defendant United States of America repeats, reiterates and restates each and every allegation set forth in the preceding paragraphs as if same were fully set forth hereat.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph"51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

The final unnumbered paragraph of the complaint sets forth plaintiffs' prayer for relief and as such does not require a response. To the extent a response is deemed necessary, this paragraph is denied. All of the allegations in the complaint which have not been specifically

admitted, denied or otherwise answered are hereby denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. Plaintiffs' complaint fails to state any claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. Defendant United States Postal Service neither created the dangerous condition, nor possessed actual or constructive notice of the condition plaintiffs' claim caused the alleged injuries and alleged losses herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. The doctrine of r*es ipsa loquitur* is inapplicable herein inasmuch as the injuries and losses at issue are not of the type and nature which ordinarily do not happen in the absence of negligence. Plaintiffs fail to allege the occurrence complained of was caused by an instrumentality within the exclusive control of defendant United States Postal Service. Plaintiffs further fail to allege, and cannot establish, that the injuries complained of were not occasioned by plaintiffs and/or plaintiffs' voluntary acts and/or contribution thereto.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are subject to, and limited by the Federal Tort Claims Act (FTCA), 28 U.S.C.§ 2671, et seq. Accordingly, to the extent that plaintiffs' damage claims exceed the maximum allowable limits of recovery, they must be stricken, disregarded, reduced or

dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57.     The United States Postal Service is not a proper party to this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58.     The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies of employees of defendant United States Postal Service, or for whom defendant United States Postal Service has any liability pursuant to the FTCA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59.     No acts or omissions by defendant United States Postal Service, or its employees, were the proximate cause of any injury to plaintiffs.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60.     Any defective or hazardous condition alleged herein to have existed and contributed to the claimed injuries and/or damages was open and obvious and should have been detected and avoided by plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61.     The injuries and/or losses complained of herein were caused in whole or in part by culpable conduct on the part of plaintiffs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62.     If plaintiffs are entitled to recover against defendant United States Postal Service by reason of the alleged negligence as set forth in the complaint, which negligence is denied, then the amount of damages otherwise recoverable shall be diminished in the proportion which the

-10-

culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

63. In the event plaintiffs recover judgment against defendant United States Postal Service, then said judgment must be reduced, in accordance with New York State Civil Practice Law and Rules § 4545, and any other applicable New York State Law, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified to plaintiffs in whole or in part, for any losses arising from the incidents alleged in the complaint, from any collateral source such as insurance, Social Security, veterans' benefits or the like.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

64. In the event defendant United States Postal Service is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom defendant United States Postal Service cannot be held liable, broke any causal connection between defendant United States Postal Service's negligence and plaintiff's alleged injury, cutting off the legal effect of defendant United States Postal Service's alleged negligence.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

65. Plaintiffs' claims are barred by the independent contractor exception to the FTCA, 28 U.S.C. § 2671.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

66. Any amount of damages recoverable by plaintiffs must be diminished in proportion to the culpable conduct attributable to plaintiffs in accordance with the New York Civil Practice Law and Rules ("CPLR") § 1411.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

67.   Plaintiffs are not entitled to a trial by jury under the Federal Tort Claims Act, 28 U.S.C. § 2402.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

68.   Defendant United States Postal Service did not have any duty to the plaintiffs, did not breach any duty, and was not negligent.

### AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

69.   The alleged defect, if any, was an open and obvious condition.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

70.   If any person or entity is guilty of negligence, other than plaintiffs, such person or entity is not a party to this action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

71.   Plaintiffs failed to mitigate their damages.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

72.   Plaintiffs' claims are barred to the extent that any claim falls within the discretionary function exception of the Federal Tort Claims Act, 28. U.S.C. § 2680(a).

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

73.   Plaintiffs are not entitled to any award of pre-judgment interest, costs or

-12-

disbursements pursuant to 28 U.S.C. §§ 2674 and 2678.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

74. Defendant United States Postal Service did not create or have actual or constructive notice of the alleged defect and did not have a reasonable amount of time in which to remedy the condition or defect, if any.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE INC. FOR COMMON LAW NEGLIGENCE

75. If plaintiffs were caused to sustain injuries and/or damages at the time and place set forth in the complaint, through any carelessness, recklessness and/or negligence other than the plaintiffs' own, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligence and/or the negligent acts of omission or commission of defendants STEEL LOS III, d/b/a STEEL EQUITIES and BASIN HAULAGE INC., their agent(s), servant(s), and/or employee(s).

76. If plaintiffs should recover judgment against Defendant United States Postal Service, STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE INC. shall be liable to defendant on the basis of apportionment or responsibility for the alleged occurrence and defendant is entitled to contribution from and judgment over and against STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE INC. for all or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW AND/OR CONTRACTUAL INDEMNIFICATION

77. If plaintiffs were caused to sustain injuries and/or damages at the time and place

-13-

set forth in the complaint, through any carelessness, recklessness and/or negligence other than the plaintiffs' own, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligence and/or negligent acts or omission or commission of STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE INC., their agent(s) and/or employee(s).

78. If Plaintiffs should recover judgment against the answering defendant, then defendants STEEL LOS III d/b/a STEEL EQUITIES and BASIN HAULAGE INC. shall be liable, pursuant to common law and/or contract, to fully indemnify defendant for the amount of any recovery obtained herein by plaintiffs, along with costs and expenses against defendant or as the Court or jury may direct.

WHEREFORE, defendant United States Postal Service demands judgment in its favor dismissing plaintiffs' complaint, granting defendant United States Postal Service's Cross-Claims

-14-

in their entirety, together with the costs and disbursements of this action, and for such other and further relief as is deemed just and proper.

Dated: Central Islip, New York
February 9, 2012

                                      LORETTA E. LYNCH
                                      United States Attorney
                                      Eastern District of New York
                                      Attorney for United States Postal Service
                                      610 Federal Plaza
                                      Central Islip, New York 11722

                    By:    s/ James H. Knapp
                           JAMES H. KNAPP (JK 5517)
                           Assistant United States Attorney
                           (631) 715-7879

To: **VIA ECF**

Kenneth A. Auerbach, Esq.
Cartier Bernstein, Auerbach & Dazzo, P.C.
Attorneys for Plaintiff
100 Austin Street, Building 2
Patchogue, New York 11771

Patricia A. O'Connor, Esq.
Brody, O'Connor & O'Connor
Attorneys for Defendant Steel-Los III, LP
7 Bayview Avenue
Northport, New York 11768

Glenn A. Kaminska, Esq.
Ahmuty, Demers & McManus
Attorney for Defendant Basin Haulage, Inc.
200 I.U. Willets Road
Albertson, New York 11507